# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SAMSON EUGENE JAMES,
                Plaintiff,
  vs.

FRANK JAMES, *et al.,*

              Defendants.

Case No. 4:19-cv-00020-SLG

## ORDER OF DISMISSAL WITH LEAVE TO AMEND

Samson Eugene James, a self-represented prisoner, has filed a Civil Rights Complaint under 42 U.S.C. § 1983, and an Application to Waive the Filing Fee under 28 U.S.C. §1915(a).[1] Mr. James names three Defendants: (1) Frank James, his brother (a retired Army officer); Officer Benns, a Fairbanks police officer; and Officer Kelly, an Anchorage police officer.[2] He also makes allegations against the FBI and other individuals in the body of his Complaint. Mr. James indicates that he is suing the police officers in both their personal and official

---

[1] Dockets 1, 3.

[2] Docket 1 at 1-2.

capacities,³ but he does not provide such information about his brother.⁴ Nor does he state whether his brother is a state officer. Mr. James seeks $3 million in compensatory damages, $2 million in punitive damages, and an order requiring all police officers to stay away from him.⁵

After filing his Complaint, Mr. James appears to have been released from incarceration.⁶ Further, the Court takes judicial notice⁷ that, of the criminal cases listed in the state docket, Mr. James was convicted of a misdemeanor on June 7, 2019,⁸ and the most recent event on the docket in his other misdemeanor case is

---

³ *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law… Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' … On the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right… More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation … thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law.") (citations and internal quotation marks omitted) (emphasis in original).

⁴ Docket 1 at 2.

⁵ *Id.* at 8.

⁶ Docket 4 (8/15/19 Notice of Change of Address).

⁷ Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact" *Black's Law Dictionary* (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

⁸ *See* https://records.courts.alaska.gov/eaccess/search.page, *Municipality of Anchorage v. Samson Eugene James*, 3AN-19-00849CR (6/7/19 no contest plea).

Case No. 4:19-cv-00020-SLG, *James v. James, et al.*
Order of Dismissal with Leave to Amend
Page 2 of 15

the August 15, 2019 "Findings and Order on Competence for Legal Proceedings, Commitment, and Transport."[9]

## Screening Requirements

Federal law requires a court to conduct an initial screening of a complaint brought by a self-represented plaintiff who has not paid the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.[10]

To determine whether a complaint states a valid claim for relief, a court considers if it contains sufficient factual matter that if accepted as true "state[s] a claim to relief that is plausible on its face."[11] In conducting its review, the court is mindful that it must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of any doubt.[12] Before a court may dismiss any portion

---

[9] *See* https://records.courts.alaska.gov/eaccess/search.page, *Municipality of Anchorage v. Samson Eugene James*, 3AN-19-05837CR (competency hearing scheduled, 11/7/19).

[10] 28 U.S.C. § 1915(e)(2)(B).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citation omitted).

[12] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

Case No. 4:19-cv-00020-SLG, *James v. James, et al.*
Order of Dismissal with Leave to Amend
Page 3 of 15

of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[13]

## Factual Allegations

In his first claim for relief, Mr. James alleges that he was beaten because

> I'm openly gay and telling about gay cops, sheriffs, drug dealers, murderer in my family have the support of the federal gov. I don't I'm whistle blower. I'm born gay not a drug dealer.
>
> This was a hate crime.
>
> I went to see my doctor. I was in need of medical care. Paramedics were called. Police Officer Larimer call ran me off. I've never seen such a thing. I had rote Larimer up on a grievance about having sex with my boyfriend Arvin Castro, a Filipino on the run from his country being used in a drug sex ring in Fairbanks. He told me about other crimes. They are stilling money from my accts at Alaska USA. Tellers put some of the money back but not the fraudulent ATM card I never activated on 12-06-18.[14]

In his second claim for relief, Mr. James alleges that, on or about September 10, 2018, the FBI said they would not investigate, and that Officers Benns, Kelly and Carpenter

> Won't give me my opioid norco 5mg or medical [marijuana?] 4 seizures back pain only want to give me crazy medicine. I refuse it. Dr. Loomis Tylenol won't help.
>
> Cops also evicted me out of my house apt. on 1-12-19 in Fairbanks, AK and on 6-8-19 in Anchorage AK after only 1 day in Center City Motel for the disabled people.[15] No help from any agency. Cops are to corrupt, killing blacks on the spot in most case. I've already contact 2 foreign embassies in D.C. and United Nations.

---

[13] *Garmon v. County of Los Angeles,* 828 F.3d 837, 842 (9th Cir. 2016).

[14] Docket 1 at 3.

[15] *See* 4FA-18-03078CI (Eviction District Court).

Case No. 4:19-cv-00020-SLG, *James v. James, et al.*
Order of Dismissal with Leave to Amend
Page 4 of 15

> Also Municipal Prosecutor McGrum knows I'm defending myself. But getting his help from Georgia corrupt prosecutor & Federal agents & Sheriff from my past court cases involving my family & cops trying to assassinate me.[16]

Mr. James' third claim for relief is against FBI agents in Macon, Georgia for events allegedly occurring in about June 1989:

> My mother Lillian James Wilcox won her bankruptcy case. Sheriff Bill Massee sent deputies Butler and other one to her house … [and] beat her, tore off her prosthetic leg, locked her up. NAACP & GBI-FBI help Masse cover this crime up – my brothers and sisters were allowed to sell drugs, rape, murder in 1993 fraudulent the insurance check. My mother had been in car accident. The Travelers Insurance never wrote a check in handwriting. I took documents all over Georgia to courthouses and [indecipherable] to it was a crime but no one got involved. Sheriff Bill Massee is a known cross dresser, rapist, murderer been in the position 30 years. Enough is enough. Federal agents need prison time especially the black one Agent Peebles I had problems with in 2013.[17]

Mr. James attached a Settlement Agreement from the Alaska Workers' Compensation Division regarding his chronic back problems, dated July 1, 2019, with his Complaint.[18] He also submitted a handwritten statement stating that, on August 17, 2018, he was flown from a hospital in Georgia[19] to live with his brother, Defendant Frank James, and that on August 30, 2018, Frank beat him up for being openly gay.[20] Mr. James claims that the

---

[16] Docket 1 at 4.

[17] *Id.* at 5.

[18] Docket 1-1.

[19] The Court takes judicial notice that "Central State Hospital (CHS) [in Milledgeville, GA] is a maximum secure Forensics facility which provides state of the art multi-disciplinary services including psychiatric evaluation, treatment and recovery services for persons referred from the state's criminal justice and corrections systems." *See* https://dbhdd.georgia.gov/central-state-hospital-csh-milledgeville-ga

[20] Docket 1-2 at 1.

Case No. 4:19-cv-00020-SLG, *James v. James, et al.*
Order of Dismissal with Leave to Amend
Page 5 of 15

FBI refused to investigate just like in Milledgeville, Ga my hometown. Agent Andy Smith wouldn't investigate that in Ga. Brother & family runs a drug & sex traffing ring well known in Georgia, murdered my mother because Sheriff Bill Massee let them sell drugs for the Jew I use to work for. Cops R protecting them. Not me I'm a whistle blower. I was gang raped in 1991. Cops say if I don't tell I can sell drugs …[21]

## DISCUSSION

Given the allegations supplied in his Complaint and attachments, it appears unlikely that Mr. James will be able to state a viable claim for relief in federal court. And this Court has no jurisdiction over the Georgia defendants and claims as presented in Claim 3. But because the Court liberally construes pro se pleadings, and gives liberal leave to amend, Mr. James will be given an opportunity to try to state a claim for relief under § 1983 *against a state actor* for (1) deliberate indifference to his serious medical needs, (2) excessive force, and/or (3) for failure to protect, if any of those claims are appropriate as explained below.

1.  Stating a Claim Under Federal Rule 8.

    Federal Rule of Civil Procedure 8(a) requires that a complaint include:

    (1) a short and plain statement of the grounds for the court's jurisdiction …;

    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.[22]

    Mr. James has not submitted a short and plain statement of any claim that

---

[21] *Id.*

[22] Fed. R. Civ. P. 8(a).

Case No. 4:19-cv-00020-SLG, *James v. James, et al.*
Order of Dismissal with Leave to Amend
Page 6 of 15

shows he may be entitled to relief in the federal court.

2. <u>Establishing this Court's Jurisdiction Over the Case</u>.

Jurisdiction is "[a] court's power to decide a case or issue a decree[.]"[23] As explained by the United States Supreme Court, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[24] That is, the United States Constitution or a federal statute must generally be at issue to establish this Court's jurisdiction.[25] It is Mr. James' burden, as the plaintiff, to show that this Court has jurisdiction to hear his claims.[26] Mr. James has filed claims under 42 U.S.C. § 1983.

3. <u>Requirements for Filing an Action Under the Civil Rights Act</u>.

42 U.S.C. § 1983 "provides a cause of action for *state deprivations* of *federal rights*."[27] That is, a plaintiff has "a cause of action against [1] state actors who [2]

---

[23] *Black's Law Dictionary* (11th ed. 2019).

[24] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).

[25] Federal courts may also hear cases based on diversity (claims between citizens of different states where the amount in controversy exceeds $75,000). 28 U.S.C. § 1332. Personal jurisdiction, on the other hand, is "[a] court's power to bring a person into its adjudicative process." *Black's Law Dictionary*. Personal jurisdiction is discussed further below.

[26] *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) ("We 'presume[ ] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'") (quoting *Kokkonen*, 511 U.S. at 377).

[27] *Nieves v. Bartlett*, ___ U.S. ___, 139 S.Ct. 1715, 1721 (2019) (emphasis added).

Case No. 4:19-cv-00020-SLG, *James v. James, et al.*
Order of Dismissal with Leave to Amend
Page 7 of 15

violate an individual's rights under federal law."[28]  Critically, a plaintiff must establish a causal link between the state action and the alleged violation of his or her rights.[29]  These essential elements *must* be alleged in a § 1983 claim.

Section 1983 "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[30]  That is, § 1983 provides a mechanism for remedying violations of *pre-existing* constitutional or federal rights. To be deprived of a right, the defendant's action needs to either violate rights guaranteed to individuals by the U.S. Constitution or an enforceable right created by a federal statute.[31]

Thus, to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the following elements: (1) a violation of rights protected by the U.S. Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law.

---

[28] *Filarsky v. Delia*, 566 U.S. 377, 380 (2012) (quoting 42 U.S.C. § 1983)); *see also Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015) ("To maintain an action under section 1983 against ... individual defendants, [a plaintiff] must ... show: (1) that the conduct complained of was committed by a person acting under the color of *state* law; and (2) that this conduct deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States.") (citation and internal quotations omitted) (emphasis in original).

[29] *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

[30] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[31] *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997); *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995).

Case No. 4:19-cv-00020-SLG, *James v. James, et al.*
Order of Dismissal with Leave to Amend
Page 8 of 15

All of these elements must be alleged in a complaint in order to maintain a § 1983 claim.

For instance, in his first claim for relief, Mr. James has not stated who beat him and on what precise date(s) he was beaten. If it was his brother, Frank James, was his brother acting in the role of a government official at the time? Mr. James does not state that any specific state officer either used excessive force or failed to protect him from being beaten. Unless a person "acting under color of state law" violated Mr. James' federal rights, he has no civil rights claim in federal court. And although Mr. James claims that Officer Larimer "ran him off," he has not listed Officer Larimer as a defendant; nor has he specifically stated clear facts as to what federal rights, if any, Officer Larimer violated.[32]

4. <u>Deliberate Indifference to Serious Medical Needs</u>.

Mr. James alleges that (1) after he was beaten up, he went to see his doctor and the paramedics were called, but that Police Officer Larimer ran him off;[33] and that (2) Officers Benns, Kelly and Carpenter didn't give him "opioid norco" or (apparently) medical marijuana for back pain, but gave him "crazy medicine," and that the Tylenol prescribed by Dr. Loomis wasn't enough.[34] Mr. James has not stated whether he was in custody at the time and was prevented by a state actor

---

[32] Docket 1 at 3.

[33] Docket 1 at 3.

[34] *Id.* at 4.

Case No. 4:19-cv-00020-SLG, *James v. James, et al.*
Order of Dismissal with Leave to Amend
Page 9 of 15

from receiving necessary medical care for a serious injury, or if he has been harmed by any acts of a state officer.

The federal court does not have jurisdiction over negligence or medical malpractice actions.[35] These are state court claims, which must generally be brought in state court.[36]

5. <u>Excessive Force</u>.

The United States Supreme Court has held that claims that law enforcement used excessive force in the course of an arrest should be analyzed under the Fourth Amendment.[37] In conducting a Fourth Amendment analysis, a court is to balance "the 'nature and quality of the intrusion' on a person's liberty with the

---

[35] *See Neitzke v. Williams*, 490 U.S. 319, 321-22 (1989) ("Insofar as Williams claimed deficient medical care . . . [he] described a constitutionally noncognizable instance of medical malpractice.").

[36] *See* AS 09.55.530-560 (statutes governing medical malpractice actions in Alaska); *Hertz v. Beach*, 211 P.3d 668 (Alaska 2009) (although inmate did not show deliberate indifference, his case proceeded on medical malpractice claim against dentist for year-long delay in replacing denture); *Hendricks-Pearce v. State, Dept. of Corrections*, 323 P.3d 30, 33 (Alaska 2014) ("While in custody, Pearce sued the State for medical malpractice and was awarded a $369,277.88 judgment against the State in 2008.") (citation omitted).

[37] *Davis v. City of Las Vegas*, 478 F.3d 1048, 1054 (9th Cir. 2007) ("all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' ... should be analyzed under the Fourth Amendment and its 'reasonableness' standard.") (quoting *Graham*, 490 U.S. at 395) (internal citation marks omitted); U.S. Const. amend. IV (protecting "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]").

Case No. 4:19-cv-00020-SLG, *James v. James, et al.*
Order of Dismissal with Leave to Amend
Page 10 of 15

'countervailing governmental interests at stake' to determine whether the force used was objectively reasonable under the circumstances."[38]

It is not clear from Mr. James's complaint if he is alleging that a police officer used excessive force against him. He does not provide the who, what, when and where details necessary to state such a claim.

6. <u>This Court Must Have Personal Jurisdiction Over the Parties</u>.

In addition to subject matter jurisdiction, this Court must have personal jurisdiction over each of the parties. Personal jurisdiction is "[a] court's power to bring a person into its adjudicative process."[39] The United States Constitution requires that a defendant must have a minimum level of contacts with the state in which the federal court is located in order for that court to be authorized to hear the case.[40]

In his third claim for relief, Mr. James asserts facts about incidents that allegedly occurred in the State of Georgia by FBI agents in Macon, Georgia.[41]

---

[38] *Id.* (quoting *Smith v. City of Hemit,* 394 F.3d 689, 701 (9th Cir. 2005)) (internal citation marks omitted).

[39] *Black's Law Dictionary*.

[40] *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310 (1945).

[41] Docket 1 at 5.

Case No. 4:19-cv-00020-SLG, *James v. James, et al.*
Order of Dismissal with Leave to Amend
Page 11 of 15

The facts alleged by Mr. James show insufficient contacts by these defendants with Alaska necessary for the "traditional notions of fair play and substantial justice" required to invoke personal jurisdiction within Alaska.[42]

7. <u>Two-year Statute of Limitations</u>.

"State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling."[43] In Georgia, the statute of limitations is two years.[44] Mr. James alleges that the Georgia events occurred in 1989.[45] Thus, even if the Court had personal jurisdiction, the claims alleged in the third claim for relief have most likely lapsed.

---

[42] *Int'l Shoe*, 326 U.S. at 316 (citation and internal quotation marks omitted). Alaska's long-arm statute, AS 09.05.015(c), "authorizes Alaska's courts 'to assert jurisdiction to the maximum extent permitted by due process.'" *Polar Supply Co., Inc. v. Steelmaster Industries, Inc.*, 127 P.3d 52, 56 (Alaska 2005) (citations omitted). "As the United States Supreme Court explained in *International Shoe Co. v. Washington,* due process requires that a defendant have 'minimum contacts' with the forum state such that maintaining a suit in the forum state 'does not offend 'traditional notions of fair play and substantial justice.'" *In re Fields*, 219 P.3d 995, 1008 (Alaska 2009) (quoting *International Shoe*, 326 U.S. at 316).

[43] *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *see also Wallace v. Kato,* 549 U.S. 384, 387 (2007) ("Section 1983 … looks to the law of the State in which the cause of action arose … for the length of the statute of limitations: It is that which the State provides for personal-injury torts.") (citations omitted).

[44] *See Gissendaner v. Commissioner, Georgia Dept. of Corrections*, 779 F.3d 1275, 1280 (11th Cir. 2015) ("Like other actions brought under § 1983, a challenge to a state's method of execution is subject to the statute of limitations governing personal injury actions in the state where the challenge was brought… Gissendaner brought her claim in Georgia, which has a two-year statute of limitations period.") (citing Ga. Code Ann. § 9-3-33) (additional citations omitted).

[45] Docket 1 at 5.

Case No. 4:19-cv-00020-SLG, *James v. James, et al.*
Order of Dismissal with Leave to Amend
Page 12 of 15

## Amending Complaint

Mr. James will be given an opportunity to amend his complaint to attempt to state a cognizable claim for relief in federal court.[46] In any amended complaint, Mr. James must name all the defendants in the caption on the first page. He must state separate claims for relief, with facts supporting each separate claim. He must state, specifically, what each individual defendant did or did not do that he believes constitutes a federal legal wrong, and what specific relief he seeks from the Court.

Each claim for relief must specify the federal right that Mr. James is asserting was violated, as well as by whom, when, where, and how that right was violated. And Mr. James should also state how he was injured by each state actor that he alleges violated his federal rights.

The Court does not have personal jurisdiction over anyone, or anything occurring, in Georgia as presented in Claim 3. Unless a defendant has personal contacts with Alaska, and the claims occurred in Alaska, Mr. James' recourse was likely many years ago in Georgia, if anywhere. He should not repeat those claims in this case.

The Court is sending a form to assist Mr. James in amending the Complaint in compliance with this Order. Mr. James should write the words "First Amended" above "Prisoner's Complaint under the Civil Rights Act." He should make no reference to the initial Complaint or other documents. The Court cannot refer to a

---

[46] *See* Fed. R. Civ. P. 15(a).

Case No. 4:19-cv-00020-SLG, *James v. James, et al.*
Order of Dismissal with Leave to Amend
Page 13 of 15

previous pleading in order to make an amended complaint complete. That is, any defendant not named or claim not re-alleged is generally waived.[47] An amended complaint must be complete in itself without reference to any prior pleading. This is because an amended complaint supersedes (takes the place of) an original complaint.[48]

**IT IS THEREFORE ORDERED**:

1. The Complaint, at Docket 1, is DISMISSED without prejudice.

2. Mr. James has until **October 5, 2019** to file one of the following:

   a <u>First Amended Complaint</u>, *on this Court's form*, in which Mr. James states viable federal claim(s) after correcting each of the deficiencies explained in this Order, and requests appropriate relief; **OR**

   b <u>Notice of Voluntary Dismissal</u>, informing the Court that Mr. James no longer wishes to pursue this lawsuit, resulting in the dismissal of the entire action.

---

[47] *But see Lacey v. Maricopa County*, 693 F.3d 896, 925-28 (9th Cir. 2012) ("For claims dismissed *with prejudice and without leave to amend*, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") (emphasis added).

[48] *See* L.Civ.R. 15.1(a) ("amended pleading must not incorporate by reference any prior pleading, including exhibits"); *see also Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("It is well-established that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (citations omitted).

Case No. 4:19-cv-00020-SLG, *James v. James, et al.*
Order of Dismissal with Leave to Amend
Page 14 of 15

3.    If Mr. James files a Notice of Voluntary Dismissal, he will not run the risk of a "strike" under 28 U.S.C. § 1915(g).[49]

4.    The Application to Waive the Filing Fee, at Docket 3, will be deferred until Mr. James fully complies with this Order.

5.    If Mr. James fails to fully comply with this Order on or before **October 5, 2019,** this case will be dismissed without further notice.

6.    The Clerk of Court shall send Mr. James (1) a Prisoner's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, form PS01; (2) a Notice of Voluntary Dismissal, form PS09; and (3) a copy of the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT," with this Order.

DATED at Anchorage, Alaska, this 3rd day of September, 2019.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[49] A prisoner may not bring "a civil action or appeal a judgment in a civil action or proceeding [without prepayment of the full filing fee] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 4:19-cv-00020-SLG, *James v. James, et al.*
Order of Dismissal with Leave to Amend
Page 15 of 15